**SO ORDERED.**

**SIGNED this 03 day of December, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:

| | |
|---|---|
| PARTITIONS PLUS OF WILMINGTON, INC., D/B/A PARTITIONS, INC., D/B/A STORM PROTECTION SYSTEMS, | Case No. 04-06776-8-JRL<br>Chapter 7 |
| Debtor. | |
| JAMES B. ANGELL, CHAPTER 7 TRUSTEE FOR PARTITIONS PLUS OF WILMINGTON, INC., D/B/A PARTITIONS, INC., D/B/A STORM PROTECTION SYSTEMS, | Adversary Proceeding No. 06-00148-8-AP |
| Plaintiff, | |
| v. | |
| RAY J. PENNINGTON, INC. and RAY J. PENNINGTON, | |
| Defendant. | |

_____

## ORDER

This case is before the court on cross-motions for summary judgment filed by the defendant, Ray J. Pennington, Inc., and the chapter 7 trustee. On November 20, 2007, the court conducted a hearing on these matters in Raleigh, North Carolina.

## JURISDICTION AND PROCEDURE

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## FACTS AND BACKGROUND

Partitions Plus of Wilmington, Inc. filed a chapter 11 bankruptcy petition on September 1, 2004. The case was converted to one under chapter 7 on November 9, 2004. Prior to the debtor's bankruptcy filing, defendant worked as a sub-subcontractor for the debtor on several jobs. Within ninety days prior to the debtor's bankruptcy filing, defendant received three checks from the debtor totaling $7305.48.

On July 14, 2006, the trustee filed this adversary proceeding, and an amended complaint was later filed on August 23, 2006. The amended complaint alleges that the three payments to defendant constitute preferential transfers. The trustee filed a motion for summary judgment seeking to avoid the transfers pursuant to 11 U.S.C. § 547(b) and recover them under 11 U.S.C. § 550(a). Defendant filed a cross-motion for summary judgment arguing that, *inter alia*, the payments could not be avoided because they were a contemporaneous exchange for new value given to the debtor under 11 U.S.C. § 547(c)(1).

On May 21, 2007, the court held a hearing in Raleigh, North Carolina on the cross-motions for summary judgment. In an order dated June 11, 2007, the court ruled that the three payments were preferential transfers under § 547(b). In addressing defendant's "new value" defense for

payments arising out of projects involving government-required payment bonds and surety bonds,[1] the court held that defendant did not establish a new value defense at that time, but that it could later do so by presenting sufficient evidence that its release of its claim against the project funds in exchange for payments constituted equivalent new value. The court's order outlined that defendant would need to show that (1) it would have immediately filed a claim against the project bond had it not received payment from the debtor, and (2) at the time, the debtor was still owed funds by the general contractor on which the bonding company could have asserted a lien.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

---

[1] For payments resulting from projects involving materialman's lien rights, the court ruled that defendant could not establish a valid new value defense because it had no lien rights with respect to the property of the debtor because it never perfected its lien and gave up nothing by accepting payment.

## ANALYSIS

In its present motion, Defendant advances two arguments. First, it contends that the trustee has not met his burden of showing that the payments constitute preferential transfers under § 547(b) because he has not established the fifth element, i.e., that the alleged preferential payments enabled defendant to receive more than it would have in a hypothetical chapter 7 case. The court finds it unnecessary to address this argument in detail since the June 11, 2007 order specifically held that the payments in question are preferential transfers under § 547(b).

Defendant's second argument is that its release of its lien rights against the project funds provides new value. In support of this argument, defendant addresses the two points the court outlined in its June 11, 2007 order, i.e., that (1) it would have immediately filed a claim against the project bond and been paid in full by the bonding company had it not received payment from the debtor, and (2) at the time, the debtor was still owed funds by the general contractor on which the bonding company could have asserted a lien.

To establish that it would have immediately filed bond claims and been paid in full, defendant offers its own assertion of that fact. <u>Defendant's Response to Plaintiff's First Set of Interrogatories, Response 7</u>. To bolster this assertion, Defendant presents evidence that (1) it previously filed a bond claim in the only other instance in which the debtor did not tender payment to defendant, and (2) the bonding company paid this claim in full. <u>Defendant's Response to Plaintiff's Second Set of Interrogatories, Response 26</u>. The trustee counters that this evidence is insufficient, as a matter of law, to establish that defendant would have filed a timely bond claim.

Confronted with a similar issue in <u>Callaway v. Kiddco, Inc. (In re Jacobsen Constr., Inc.)</u>,

Adv. Pro. S-06-00028-5-AP (Bankr. E.D.N.C. March 26, 2007),[2] the court found that the defendant's argument that it would have filed a bond claim and been paid in full by the bonding company was too speculative to withstand summary judgment. Id. at 6. Central to the court's determination was that the defendant had received only partial payment from the bonding company for two previous bond claims. Id. The present case is readily distinguishable because defendant's only previous bond claim was timely made and paid in full by the bonding company. Defendant's Response to Plaintiff's Second Set of Interrogatories.

To establish that the general contractor owed the debtor sufficient funds on which defendant could have asserted a lien, defendant submits evidence that the debtor continued to receive payments from the general contractor for certain projects after the debtor made the preference payments to defendant for those same projects. Thus, it is not entirely speculative that defendant would have filed a timely bond claim and been paid in full had it not received payment from the debtor.

## CONCLUSION

The court finds that defendant's evidence creates a genuine issue of material fact as to its new value defense. However, the evidence is insufficient to establish its new value defense as a matter of law. Therefore, the parties' cross-motions for summary judgment are DENIED.

"END OF DOCUMENT"

---

[2] The court is aware that this case is currently on appeal to the United States District Court for the Eastern District of North Carolina.